UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

_____
                                    :
AUDBERTO EGIPCIACO,                 :
                                    :
          Petitioner,               :    Civ. No. 12-4718 (NLH)
                                    :
     v.                             :    OPINION
                                    :
CHARLES WARREN, et al.,             :
                                    :
          Respondents.              :
_____ :

APPEARANCES:
Audberto Egipciaco, # 29979-B/455250
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
     Petitioner, pro se

HILLMAN, District Judge

     This matter is presently before the Court upon receipt of a motion by Petitioner (ECF No. 24), seeking relief under Rule 60(b).  Respondent has filed a brief in opposition. (ECF No. 25).  The Court considers this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the motion will be DENIED.

             I.   BACKGROUND AND PROCEDURAL HISTORY

     Petitioner Audberto Egipciaco filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, challenging a judgment of conviction entered in the Superior Court of New Jersey, Camden County, on May 6, 2003, after a jury found him

guilty of armed robbery, aggravated assault, burglary, endangering the welfare of a child, and criminal restraint. (ECF No. 1). Respondents filed an Answer arguing that the Petition should be dismissed as procedurally defaulted or on the merits. (ECF No. 13). Petitioner filed a Reply and additional exhibits. (ECF Nos. 15-16). After consideration of the record, this Court denied the Petition. (ECF No. 20).

The factual background and procedural history of this case are set forth in this Court's February 25, 2016 Opinion denying the Petition (ECF No. 19), and need not be repeated in detail here. In relevant part, the Petition raised the same claims that Petitioner raised in his petition for Post-Conviction Relief ("PCR"). Specifically, Petitioner alleged the following:

> (1)(A) Trial Counsel failed to call essential witnesses to testify at trial; (B) Trial Counsel failed to cross examine in an effective manner; (C) Trial Counsel failed to object to the jury charge on accomplice liability; (D) trial Counsel failed to hire an appropriate expert witness to testify at trial; (E) Trial counsel failed to consult with [Defendant]; (F) Trial Counsel was ineffective for not properly advising Defendant on his right to testify; (G) Trial Counsel failed to prepare for trial. (2) Trial Counsel was ineffective for failing to use evidence of Carmen Garcia's convictions to impeach her credibility. (3) the Trial Court erred [when it] admitted the impermissibly suggestive out of Court and tainted in Court identifications of Defendant, which violated Defendant's due process U.S.C.A. Const. Amends. 5, 14. (4) The Prosecutor's failure to provide Defense Counsel with the new incriminating testimony of the eyewitnesses was a discovery violation, and therefore the Trial Judge, in denying the Defendant's Motion for a Mistrial following surprise incrimination testimony

2

>which had not been disclosed to the defense, and deprived the Defendant of his constitutional rights to [due] process and a fair trial. U.S. Const. Amends. VI, XIV. (5) Trial Counsel was ineffective for failure to object, and file any Limine Motion prior to trial, or at the end of the State's case to have counts seven and eight dismissed, because the verdicts as to endangering the welfare of a child, contrary to counts seven and eight was against the weight of the evidence and denied Defendant a fair trial on all other counts. (6) Because of Trial Counsel's ineffective assistance the Court denied Defendant due process of law and a fair trial by restricting his counsel's opening statements. (7) Trial Counsel was ineffective for failure to object to a jury instruction which amounted to an ultimatum. (8) Cumulative errors by Trial Counsel amounted to ineffective assistance of Counsel. (9) The Defendant was denied the effective assistance of Counsel on direct appeal in violation of New Jersey Const. Art. 1 Par. 10, as well as the United States Constitution Amendment 6. (10) The cumulative effect of the Trial Court's error violated the Common Law of New Jersey and the due process [clause] of the United States constitution. (11) Defendant is entitled to an evidentiary hearing in support of his Petition for Post-Conviction Relief. Petitioner was denied a fair trial with effective assistance of counsel.

(Pet. 10-11, ECF No. 1).

On February 25, 2015, this Court denied Grounds (1)(C) and Ground (1), sub-points 3 and 4 as procedurally defaulted. Grounds (1)(A), (1)(B), (1)(D-G), and Ground (1), sub-points 1, 2, and 5-11 were denied on the merits. The Court declined to issue a certificate of appealability.

On or about March 23, 2015, Petitioner filed a notice of appeal. (ECF No. 21). On October 21, 2015, the Third Circuit Court of Appeals denied Petitioner's application for a certificate of appealability. (ECF No. 23). Petitioner then

filed the instant Motion pursuant to Rule 60(b), which is dated January 15, 2016. (ECF No. 24).

In his motion, Petitioner asserts that he "has made a prima facie showing that the claims advanced relied on retroactively applicable new rule of constitutional law which viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that he was denied effective assistance of counsel." (Mot. 1-2, ECF No. 24). Petitioner then goes on to discuss a litany of Supreme Court cases and case law from various circuit courts. Petitioner variously argues that his motion is filed under several subsections of Rule 60(b), and then asserts that "his motion should be construed as an attempt to file a second 2255 [sic] petition or to reopen his first Petition for relief pursuant to [§] 2254." (Mot. 7, ECF No. 24).

In their responsive submission, Respondents argue that Petitioner has failed to set forth a basis for reconsideration under Rule 60(b). Alternatively, to the extent Petitioner's motion represents a second or successive Petition, Respondents contend that it must be denied because: (1) the motion "does not satisfy any of the criteria set forth in 28 U.S.C.A. § 2244(b) for filing a second or subsequent habeas petition;" and (2) Petitioner did not receive permission from the Court of Appeals to file a successive petition. (Resp't's Opp'n 2, ECF No. 25).

4

## II.  DISCUSSION

A. Second or Successive Petition

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).

Therefore, to the extent Petitioner requests that this Court consider his motion a second or successive habeas petition under § 2254, see (Mot. 7, ECF No. 24), his motion must be denied.  Petitioner did not obtain an order from the Third Circuit authorizing a second or successive habeas petition. Because federal courts lack jurisdiction to consider a second or successive habeas petition if a petitioner does not obtain such an order, see Burton v. Stewart, 549 U.S. 147, 157, 127 S. Ct. 793, 166 L.Ed.2d 628 (2007), this Court lacks jurisdiction over the motion if it is indeed a second or successive habeas petition. See 28 U.S.C. § 2244(b)(3)(a); Parham v. Klem, 496 F. App'x 181, 184 (3d Cir. 2012).

B. Motion Under Rule 60(b)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set

5

of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005). Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. Pierce Assoc. Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988). "A court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided." Weber v. Pierce, No. 13-283, 2016 WL 2771122, at *2 (D. Del. May 13, 2016) (citations and footnote omitted).

Further, where, as here, a district court is presented with a motion for reconsideration after it has denied a petitioner's

6

§ 2254 application, the court must first determine if the motion constitutes a second or successive application under AEDPA. The Third Circuit has explained that,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004); see also Parham, 496 F. App'x at 184 (citing Gonzalez, 545 U.S. at 524, 530) (explaining that a 60(b) motion should be treated as a second or successive habeas petition if it "seeks vindication" of a "claim" defined as "an asserted federal basis for relief from a state court's judgment of conviction").

Here, Petitioner asserts that his "case should be reopened and or reinstated pursuant to Fed. Rule 60(b)(1), (3), (6)." (Mot. 6, ECF No. 24).[1] Specifically, Petitioner cites to "mistake," "fraud," and "any other reason justifying relief" in support of his motion. However, Petitioner's motion does not identify with any specificity exactly what "mistake" or "fraud" occurred; nor does he identify any other defect in the manner in

---

[1] In his motion Petitioner also cites to Rule 60(b)(2), which allows for relief based on newly discovered evidence. However, Petitioner does not develop this claim in his motion; therefore, this subsection does not provide him with a basis for relief.

7

which this Court's previous federal habeas judgment was procured. Instead, his motion seeks to again challenge the underlying conviction. Because it does not attack the manner in which the decision denying petitioner's first habeas application was procured, Petitioner's motion is not a "true" Rule 60(b) motion; and it should be construed as a second or successive habeas petition pursuant to § 2254. See, e.g., Evans v. Pierce, 148 F. Supp. 3d 333, 337 (D. Del. 2015), aff'd (June 16, 2016) (holding that a motion which did not challenge the way in which a petitioner's claim was adjudicated was more appropriately construed as a second or successive habeas petition).

Moreover, the Court notes that the bulk of Petitioner's motion is language taken from decisions in other cases outside of this district. See, e.g., In re Sepulvado, 707 F.3d 550, 556 n.12 (5th Cir. 2013); Brewington v. Klopotoski, No. 09-3133, 2012 WL 1071145, at *5 (E.D. Pa. Mar. 29, 2012). Petitioner's reliance on these cases is misplaced. First, in Brewington, the district court for the Eastern District of Pennsylvania determined, as this Court does now, that a petitioner's Rule 60(b) was more appropriately framed as a collateral attack on petitioner's underlying state court conviction. Brewington, 2012 WL 1071145, at *3. Accordingly, the Brewington court held that the petitioner's motion did not fit within the narrow exception carved out by Gonzalez, and the motion was deemed a successive

8

habeas petition over which the court lacked jurisdiction to consider. The same situation presents itself here.

Next, in Sepulvado, the Fifth Circuit held that "Martinez does not provide the basis for the relief Sepulvado seeks." In re Sepulvado, 707 F.3d at 556. As explained below, this Court likewise determines that the Supreme Court's holding in Martinez, discussed infra, does not provide a basis for federal habeas relief in Petitioner's case.

C. Martinez

Although the precise contours of the arguments in Petitioner's motion are unclear, it appears that Petitioner means to assert a claim based on the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012).

In Martinez, the petitioner's claim for ineffective assistance of trial counsel was deemed procedurally defaulted on federal habeas review because petitioner failed to raise those claims in his first collateral proceeding. The petitioner in Martinez asserted that the procedural default of those claims should be excused because he had cause for the default; namely, his first post-conviction counsel was ineffective for failing to raise those claims in his first collateral proceeding. Based on this set of facts, the Supreme Court held that inadequate assistance of counsel at initial-review collateral proceedings

9

may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel.

Indeed, in this case one of Petitioner's ineffective assistance of trial counsel claims, Claim (1)(C), was deemed procedurally defaulted. Presumably then, Petitioner asserts in the instant motion that the default of this claim should be excused based on the holding in Martinez.

As an initial matter, to the extent the instant motion asserts an entirely new claim under Martinez, such a claim would be construed as a second or successive petition under § 2244(b)(2)(A) for which Petitioner has not received permission to file, see § 2244(b)(3)(A). Therefore, this Court lacks jurisdiction to consider the Martinez claim. See Evans v. Pierce, 148 F. Supp. 3d at 337 ("Whether or not Martinez triggers the § 2244(b)(2)(A) exception to the second or successive bar is an issue that must be determined by the Third Circuit Court of Appeals, and not by this court.").

Moreover, the Court notes that instant case and Martinez are factually distinguishable. Specifically, unlike the circumstances in Martinez, in this case Petitioner's PCR counsel did raise Petitioner's ineffective assistance of trial counsel claims at his first collateral proceedings. See (Counsel's PCR Br., Resp't's Ex. Ra14, ECF No. 17). Here, Petitioner's ineffective assistance of trial counsel claims were deemed

10

procedurally defaulted because the PCR judge found that Petitioner was attempting to raise an issue which could have been raised on direct appeal "under the guise of 'ineffective assistance of counsel'" in his PCR petition. State v. Egipciaco, No. A-3812-09T1, 2011 WL 4435101, at *3 (N.J. Super. Ct. App. Div. Sept. 26, 2011). Because the procedural default in this case was caused by something other than alleged ineffective assistance of PCR counsel — and because Petitioner's PCR counsel did, in fact, raise the ineffective assistance of trial counsel claims on PCR — Martinez is inapplicable to Petitioner's case.

### III. CERTIFICATE OF APPEALABILITY

To the extent one may be necessary, the Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1).

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Rule 60(b) motion is DENIED and the case will be reclosed.

An appropriate Order follow.

                                    ___s/ Noel L. Hillman_____
                                    NOEL L. HILLMAN
                                    United States District Judge

Dated: July 28, 2016
At Camden, New Jersey